IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CURTIS M. ABORDO,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF HAWAIʻI, DEPARTMENT OF PUBLIC SAFETY,<br><br>        Defendant. | Case No. 19-cv-00130-DKW-RT<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**[1] |

On April 10, 2019, this Court granted Plaintiff Curtis M. Abordo leave to proceed in this case *in forma pauperis*, as well as partial leave to amend his original complaint. Dkt. No. 4. On May 3, 2019, Abordo, proceeding pro se, filed a First Amended Complaint (FAC) against the State of Hawaiʻi Department of Public Safety (DPS), in which he appears to allege violations of certain constitutional rights by DPS under 42 U.S.C. § 1983. Dkt. No. 5.[2] Because DPS is not a "person" for purposes of Section 1983, the FAC is DISMISSED. Nonetheless, dismissal is with leave to amend so that Abordo can attempt to name

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

the officers involved in the alleged constitutional violations, should he choose to do so.

I.  **Screening of the FAC**

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As in the original complaint, one factual source appears to provide the basis for all of Abordo's claims in the FAC. More specifically, Abordo alleges that, in 2014, he completed serving a period of probation. Despite this, he alleges that, on March 11, 2017, DPS arrested him for violating the probation that he had fully served. Abordo alleges that he was imprisoned for 54 days before being brought to a State court judge and presumably ordered released. Due to these alleged occurrences, Abordo appears to allege that various constitutional rights were violated.

Unlike the April 10, 2019 Order, the Court will not address Abordo's claims in specific detail. The reason is that one problem exists with respect to all of the claims: the only named defendant and the only entity toward whom factual

allegations are directed is DPS. For example, Abordo alleges that "DPS held [him] until he served the full 54 days in illegal confinement[,]" "DPS told [him] that he was wanted on a probation violation warrant[,]" "DPS illegally arrested and restrain/detained [him,]" "DPS still proceeded with the illegal detention," "the action by DPS was done with willful intent[,]" and "[t]he action DPS exhibited is tantamount to kidnapping[.]"

DPS, however, is an arm of the State of Hawaiʻi, and thus, is not a "person" for purposes of Section 1983. *See Pauline v. State of Haw. Dep't of Pub. Safety*, 773 F. Supp. 2d 914, 922 (D. Haw. 2011) (citing cases); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). As a result, DPS cannot be liable under the statute, *see* 42 U.S.C. § 1983 (providing that "[e]very person…shall be liable…."), and must be dismissed from this case.

Put simply, Abordo cannot name DPS as a defendant in this case because DPS cannot be held liable for any of the alleged conduct in the FAC under Section 1983. Instead, Abordo must, if he wishes, name as defendants the officers who committed the alleged acts in their individual capacities. The FAC, though, does not attempt to do so. A reason there may have been no attempt to allege the officers involved is because Abordo simply does not know their identities. This,

however, does not stop Abordo from asserting his claims because, to the extent he is unaware of an officer's or officers' identities, he may simply refer to them as John or Jane Doe, followed by a number.

For example, as mentioned, Abordo alleges in the FAC that DPS told him that he was wanted on a probation violation warrant, and DPS arrested him. In any second amended complaint he may file, to the extent Abordo knows the names of the officers who arrested him or who told him about the warrant, he must state their names. To the extent Abordo wishes to pursue those officers through this action, but does not know their names, he may simply state, for example, that John or Jane Doe 1 arrested him, or that John or Jane Doe 2 told him he was wanted on a probation violation warrant. If an officer was female, Abordo should use Jane Doe; if an officer was male, Abordo should use John Doe. In addition, Abordo should attempt to give each distinct officer a number, such as "John Doe 1," and, to the extent that same officer is mentioned again, use the same number designation to identify him or her. **Abordo must do this for <u>all</u> of the factual allegations he makes that involve conduct by an officer of the State of Hawaiʻi.**

Finally, as in the April 10, 2019 Order, Abordo is reminded that he may not incorporate any part of the FAC, Dkt. No. 5, in any second amended complaint he may file. Rather, all claims and all allegations must be re-typed or re-written in

their entirety. To the extent any claims are not re-alleged in a second amended complaint, they may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

## II. Conclusion

The FAC, Dkt. No. 5, is DISMISSED WITH LEAVE TO AMEND, as set forth herein.

Abordo may have until **June 28, 2019** to file a second amended complaint. **The Court cautions Abordo that failure to file a second amended complaint by June 28, 2019 may result in the automatic dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated: May 24, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Curtis M. Abordo v. State of Hawaii*; Civil No. 19-00130 DKW-RT; **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**