IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CALVIN PERREIRA, *personal representative of the estate of Curtis Mortin Abordo*,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 19-cv-00130-DKW-RT<br><br>**ORDER OVERRULING AS-CONSTRUED OBJECTIONS TO CERTAIN DECISIONS OF THE MAGISTRATE JUDGE**[1] |

On February 28, 2022, the Court received a letter ("the letter") from non-party Edmund Abordo ("Edmund"), claiming that the assigned Magistrate Judge erred in connection with (1) an "objection" Edmund filed to the Magistrate Judge's decisions (a) granting Plaintiff Calvin Perreira's ("Plaintiff") and (b) denying Edmund's motions to substitute party, and (2) a motion Edmund filed seeking the Magistrate Judge's recusal from this case.  Dkt. No. 103.  As the letter appears to request, the Court construes the same as an objection to the above-mentioned decisions of the Magistrate Judge.  As more fully explained below, the objections

---

[1]Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing.

1

are OVERRULED because Edmund fails to show any legal or factual error committed by the Magistrate Judge.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a party may object to the decision of a Magistrate Judge on a pretrial matter not dispositive of a party's claim, such as a motion to substitute party. When this happens, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).[2][3]

## DISCUSSION

Here, Edmund challenges decisions of the Magistrate Judge: (1) overruling his objection to orders granting Plaintiff's motion to substitute party and denying Edmund's similar motion; and (2) denying Edmund's motion for recusal of the Magistrate Judge. Neither challenge has substantive merit.

First, with respect to the motions to substitute party, even if Edmund properly filed an objection to the Magistrate Judge's related orders, the objection points to no actual error or finding contrary to law. As the Magistrate Judge

---

[2] In the letter, Edmund cites to Federal Rule of Civil Procedure 72(b). Dkt. No. 103 at 1. However, subsection (b) concerns *dispositive* matters, something which Edmund's motion to substitute party and motion for recusal are not. See Fed.R.Civ.P. 72(b)(1) (providing that subsection (b) applies to matters "dispositive of a claim or defense….").

[3] For present purposes, the Court assumes, without deciding, that Edmund's appeal of and objections to the Magistrate Judge's decisions is timely.

2

explained in those orders, the appropriate party to substitute-in as plaintiff in this case after the original plaintiff−Curtis Abordo ("Curtis")−passed away turned on determining the legal representative or successor of Curtis' estate.  *See* Dkt. No. 86 at 4-5; Fed.R.Civ.P. 25(a)(1).  As the Magistrate Judge further explained, Edmund provided no relevant evidence, Dkt. No. 86 at 4-7, while Plaintiff provided documents from the First Circuit Court of the State of Hawai'i identifying Perreira as the person "authorized to perform the duties of Personal Representative and to administer the Estate of the decedent" Curtis.  Dkt. No. 93 at 1-2.[4]

With respect to the motion for recusal, while Edmund asserts that the same was addressed to the undersigned and, thus, should have been decided by the undersigned in the first instance, he ignores applicable law.  Notably, as the Magistrate Judge explained in denying the motion for recusal, a motion for recusal of one judge can be considered by a different judge if the requirements of 28 U.S.C. Section 144 are met.  Dkt. No. 64 at 7-8.  Edmund, however, did not

---

[4]While Edmund may not be pleased with Plaintiff's appointment as personal representative of Curtis' estate, that does not make the Magistrate Judge's decision erroneous.  Moreover, any such displeasure is not something that can be resolved in this proceeding.  In addition, while Edmund appears to believe that he is in possession of a contract or will in which Curtis indicated that Edmund should continue prosecuting this case in the event of Curtis' death, as the Magistrate Judge explained, that does not mean Edmund is the representative of Curtis' estate under applicable law.  *See* Dkt. No. 86 at 5-6.

satisfy those requirements because his motion for recusal did not contain an affidavit. *See id*. at 9; 28 U.S.C. § 144. Therefore, under applicable law, the Magistrate Judge himself was permitted to address the motion for recusal, and he did precisely that. *See* Dkt. No. 64 at 9 (citing *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994)); 28 U.S.C. § 455(a) (providing that a judge or magistrate judge "shall disqualify himself" if his impartiality might reasonably be questioned).

## CONCLUSION

For the foregoing reasons, the as-construed objections to certain decisions of the Magistrate Judge (Dkt. No. 103) are OVERRULED.

IT IS SO ORDERED.

Dated: March 4, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Calvin Perreira, personal representative of the estate of Curtis Mortin Abordo v. State of Hawaii, et al*; Civil No. 19-00130 DKW-RT; **ORDER OVERRULING AS CONSTRUED OBJECTIONS TO CERTAIN DECISIONS OF THE MAGISTRATE JUDGE**

satisfy those requirements because his motion for recusal did not contain an affidavit. *See id*. at 9; 28 U.S.C. § 144. Therefore, under applicable law, the Magistrate Judge himself was permitted to address the motion for recusal, and he did precisely that. *See* Dkt. No. 64 at 9 (citing *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994)); 28 U.S.C. § 455(a) (providing that a judge or magistrate judge "shall disqualify himself" if his impartiality might reasonably be questioned).

## CONCLUSION

For the foregoing reasons, the as-construed objections to certain decisions of the Magistrate Judge (Dkt. No. 103) are OVERRULED.

IT IS SO ORDERED.

Dated: March 4, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Calvin Perreira, personal representative of the estate of Curtis Mortin Abordo v. State of Hawaii, et al*; Civil No. 19-00130 DKW-RT; **ORDER OVERRULING AS CONSTRUED OBJECTIONS TO CERTAIN DECISIONS OF THE MAGISTRATE JUDGE**